JOHN W. McGUIRE, Petitioner-Appellant, v. DORIS J. NOGAJ *et al.*, Respondents-Appellees.

First District (4th Division)   No. 86—518

Opinion filed July 3, 1986.

Burton S. Odelson and Mark H. Sterk, both of Chicago, for appellant.

Thomas E. Johnson and Schwartz & Freeman, both of Chicago (Susan Berkowitz, of counsel), for appellee Doris J. Nogaj.

Michael Levinson, of Chicago, for other appellees.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Petitioner-objector, John W. McGuire (McGuire), appeals from a circuit court order upholding a decision of the board of election commissioners of the city of Chicago, allowing the name of respondent Doris J. Nogaj (Nogaj), to appear on the ballot as a candidate for alderman of the 18th Ward in a special aldermanic election held in the city of Chicago on March 18, 1986. McGuire contends that Nogaj's name should not appear on the March 18, 1986, ballot because her nominating petition was invalid since it was circulated in conjunction with the nominating petition of another independent candidate, allegedly in violation of certain provisions of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 1—1 *et seq.*). Specifically, McGuire claims that sections 10—3, 10—4, and 7—10 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, pars. 10—3, 10—4, 7—10) absolutely prohibit dual circulation of nominating petitions. Respondent Nogaj, on the other hand, contends that the prohibition against dual circulation does not apply to the dual circulation of nominating petitions for two independent candidates in an aldermanic election.

We agree with the position taken by Nogaj, the board of election commissioners, and the circuit court of Cook County that the above-mentioned prohibition does not apply to dual circulation for two independent candidates in an aldermanic election.

BACKGROUND:

The undisputed facts are as follows. On December 30, 1985, the United States District Court for the Northern District of Illinois, Eastern Division, entered an order requiring a special aldermanic election be held in seven Chicago wards on March 18, 1986, including the 18th Ward. (See *Ketchum v. City Council*, Nos. 82 C 4085, 82 C 4431, 82 C 4820 (Cons.)) Subsequently, Nogaj, a resident of the 18th Ward, circulated and filed with the board of election commissioners a nominating petition to become certified as an independent candidate for alderman in that election. On January 22, 1986, McGuire, a registered voter and resident of the 18th Ward, filed with the board of election commissioners a petition objecting to Nogaj's certification as a candidate. McGuire alleged, *inter alia*, that Nogaj's nominating petition was invalid because one of the circulators seeking voter subscriptions to Nogaj's petition also carried petitions for another independent candidate for alderman in the 18th Ward. It is undisputed that the circulator in question carried petitions for independent candidate

Charles E. Marble on January 6 and 7; that she carried petitions for both Marble and Nogaj on January 8; that she continued to pass Nogaj petitions on January 11 and 13; and she again passed petitions for both candidates on January 14, 1986.

After a hearing on McGuire's petition, the board of election commissioners of the city of Chicago, on February 13, 1986, determined that Nogaj's name would be printed on the March 18, 1986, ballot. McGuire appealed the board of election commissioners' decision to the circuit court of Cook County, and on February 27, 1986, the circuit court affirmed the decision of the board of election commissioners. McGuire filed this appeal on February 28, 1986, and this court granted his motion for an expedited appeal on March 7, 1986.

OPINION:

The only issue before this court is whether the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 1—1 *et seq.*) prohibits simultaneous circulation of nominating petitions for independent candidates for the same office in an aldermanic election.

■ It is basic that Illinois courts view the right of a citizen to hold political office as a valuable one. The exercise of this right is not to be prohibited or curtailed except by plain provisions of the law. Indeed, our supreme court has held that statutes imposing disqualification should be construed liberally, resolving all doubts in favor of a candidate's eligibility. (*Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 250 N.E.2d 138; *Velazquez v. Soliz* (1986), 141 Ill. App. 3d 1024, 490 N.E.2d 1346.) This is the touchstone for our analysis in this case which requires close scrutiny of the Election Code as it applies to circulation of petitions in an aldermanic election.

Section 10—4 of the Election Code, which governs the circulation of petitions in aldermanic elections, states in part that:

"[N]o person shall circulate or certify petitions for candidates of more than one political party, or for an independent candidate or candidates in addition to one political party, to be voted upon at the next primary or general election, or for such candidates and parties with respect to the same political subdivision at the next consolidated election." (Ill. Rev. Stat. 1985, ch. 46, par. 10—4.)

In the case before us, the Board of Election Commissioners and the circuit court determined that section 10—4 does not prohibit the circulation of nominating petitions for two independent candidates. McGuire contends that this conclusion is erroneous because "[i]t defies common sense and logic to read out of the statute its clear mandate

to also bar a person from circulating for more than one independent candidate."

■ It is axiomatic that the language of a statute should be given its plain and ordinary meaning. (*Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 396, 475 N.E.2d 536, 539.) Such plain and ordinary meaning is considered to best determine the intent of the legislature with regrd to construction of the statute (*People v. Pettit* (1984), 101 Ill. 2d 309, 313, 461 N.E.2d 991, 993); and this court cannot legislate, but must interpret the law so as to give it the effect announced by the legislature (*Hill v. Catholic Charities* (1983), 118 Ill. App. 3d 488, 455 N.E.2d 183).

■ In the case before us, the applicable portion of section 10—4 of the Election Code specifically prohibits dual circulation "for an independent candidate *or* candidates in addition to one political party." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 46, par. 10—4.) Absent are any express terms which prohibit a circulator from circulating nominating petitions for two or more independent candidates. Giving this statutory language its plain and ordinary meaning, the statute cannot, then, be interpreted to prohibit dual circulation for two independent candidates.

It is noteworthy that within the prohibition directed toward independent candidates, the General Assembly chose to connect the terms "independent candidate" and "[independent] candidates" with the disjunctive "or," meaning that the terms should be treated as separate items. (See *People v. Vraniak* (1955), 5 Ill. 2d 384, 125 N.E.2d 513, *cert. denied* (1955), 349 U.S. 963, 99 L. Ed. 1285, 75 S. Ct. 895.) As such, the prohibition can be read only to preclude dual circulation for (1) an independent candidate in addition to a political party; and (2) the plural independent *candidates* in addition to one political party. Rather than reading into the statute a prohibition against dual circulation for two independent candidates which does not expressly exist, we necessarily conclude that the General Assembly was purposeful in omitting it, thereby providing for dual circulation for two independent candidates as has occurred in this case.

Our analysis of the dual-circulation provision is not altered even when we consider section 10—4 of the Election Code along with sections 10—3 and 7—10, which McGuire contends must be read *in pari materia*. The portions of section 10—3 relied upon by McGuire refer only to voter subscription to nominating petitions and not to the method of circulation. (Ill. Rev. Stat. 1985, ch. 46, par. 10—3.) Meanwhile, section 7—10 deals with the making of nominations by political parties. (Ill. Rev. Stat. 1985, ch. 46, par. 7—10.) Neither of these pro-

visions is helpful in deciding the case at bar, nor is the case law interpreting them dispositive of the issue before us.

We note that McGuire relies upon *Citizens for John Moore Party v. Board of Election Commissioners* (N.D. Ill. 1984), 599 F. Supp. 662, for the proposition that circulators are limited to campaigning on behalf of one independent candidate in the same election. The *Moore* court, however, limits its analysis of the State's interest in regulating elections within the context of inter-party competition, *viz*: to prevent abuse, party factionalism and splintering. We do not read *Moore* as applicable to independent candidates, as independent candidates are not in a position to confuse party patriots so as to make a mockery of the election process or more specifically the party system of politics.

■ Finally, McGuire contends that, like the *Moore* court, the board of election commissioners' own published guide for candidates also indicates that a circulator may not circulate nominating petitions on behalf of two aldermanic candidates. McGuire contends that since the board of election commissioners did not abide by this position in this case, that there has been a change of rules without notice in violation of *Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046.

In *Briscoe*, the board of election commissioners of the city of Chicago kept several independent candidates for alderman off the ballot because the names of some nominators appeared on more than one nominating petition. The board of election commissioners' decision was based on section 10—3 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 10—3) which prohibits voters from subscribing to more than one nominating petition for each office to be filled. (*Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046, 1054.) The court of appeals in *Briscoe* held that the action of the board of election commissioners violated procedural due process, since in previous years violation of section 10—3 was held not to affect the validity of a nominating petition. (435 F.2d 1046, 1055.) Thus, relying on *Briscoe*, McGuire argues that due process was violated when the board of election commissioners circumvented their own regulation regarding dual circulation of nominating petitions and allowed Nogaj's name to appear on the ballot in the 18th Ward. We disagree.

In *Briscoe*, the court emphasized the fact that the interpretation given to section 10—3 of the Election Code was changed from the least limiting application to the most restrictive. (435 F.2d 1046, 1055.) Here, however, the situation is the reverse, to wit: candidates benefit from a more generous interpretation of the statute. (Ill. Rev. Stat. 1985, ch. 46, par. 10—4.) From this perspective, we see no injury to any party; rather the voters benefit by having Nogaj on the

ballot. (See *Lubin v. Panish* (1974), 415 U.S. 709, 716, 39 L. Ed. 2d 702, 708, 94 S. Ct. 1314, 1320 (where the United States Supreme Court noted that "The right of a party or an individual to a place on a ballot is entitled to protection and is intertwined with the rights of voters").) This is also in keeping with this State's policy in favor of a candidate's eligibility. (See *Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 250 N.E.2d 138.) Thus, we find *Briscoe* to be inapposite to this case and McGuire's argument is doomed.

In sum, based on the facts and circumstances before us, we affirm the decision of the circuit court of Cook County and the board of election commissioners of the city of Chicago allowing candidate Nogaj's name to appear on the March 18, 1986, ballot.[1]

Affirmed.

JIGANTI and McMORROW, JJ., concur.

---

[1]An order to this effect was entered by this court on March 10, 1986. This opinion followed.