(No. 98988.—

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*
JOSEPH E. BIRKETT, Petitioner, v. ANN B. JOR-
GENSEN, Respondent.

*Opinion filed September 22, 2005.*

Joseph E. Birkett, State's Attorney, of Wheaton (Norbert J. Goetten, Martin P. Moltz and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for petitioner.

No appearance for respondent.

JUSTICE FREEMAN delivered the opinion of the court:

Pursuant to Supreme Court Rule 381(a) (188 Ill. 2d R. 381(a)), the State's Attorney of Du Page County filed a motion with this court for leave to file a complaint seeking a supervisory order or a writ of *mandamus*. We granted the State leave to file the complaint. The State seeks an order compelling the Honorable Ann Jorgensen, judge of the circuit court of Du Page County (respondent), to order that defendant Juan Leon is ineligible for any good-behavior allowance. The question before us is whether a statutory requirement that a defendant "must serve a minimum term of imprisonment of 180 days" (see 625 ILCS 5/6—303(d—3) (West 2002)) is a "mandatory minimum sentence" for purposes of eligibility for a good-behavior allowance under the County Jail Good Behavior Allowance Act (the Good Behavior Act) (730 ILCS 130/3 (West 2002)). For the reasons that follow, we answer this question in the affirmative.

## BACKGROUND

In January 2004, Leon appeared before respondent and pled guilty to the offense of driving while license suspended (enhanced). See 625 ILCS 5/6—303(d—3) (West 2002). Because Leon had three previous convictions for the same offense, his conduct constituted a Class 4 felony, for which the Illinois Vehicle Code requires that he "must serve a minimum term of imprisonment of 180 days." 625 ILCS 5/6—303(d—3) (West 2002). Respondent sentenced Leon to 180 days in jail and 24 months of probation.

The State argued that the court's order should provide that Leon was not eligible for any good-behavior allowance. The State based its argument on the Good Behavior Act, which provides in pertinent part that "The good behavior of any person *** in a county jail *** shall entitle such person to a good behavior allowance, except

that: *** (2) a person sentenced for an offense for which the law provides a mandatory minimum sentence shall not receive any portion of a good behavior allowance that would reduce the sentence below the mandatory minimum." 730 ILCS 130/3 (West 2002). The State reasoned that because Leon only received a 180-day sentence, any good-behavior allowance would reduce his sentence below the 180-day mandatory minimum, which would run afoul of the Good Behavior Act.

Leon responded that it was ambiguous whether the "minimum term of imprisonment" set out in section 6—303(d—3) of the Vehicle Code was a "mandatory minimum sentence" within the meaning of the Good Behavior Act. Leon noted that, as a general rule, ambiguity in criminal statutes must be resolved in favor of the defendant. Therefore, Leon concluded, he must be permitted to earn good-conduct credit.

Respondent ruled in Leon's favor and refused to order that he was ineligible for good-behavior credit. Respondent acknowledged that the legislative history indicated that the legislature intended the Good Behavior Act to preclude any good-behavior credit for Leon's crime, but concluded that the legislature did not correctly articulate its intent in the statute. In so ruling, respondent attached dispositive significance to the fact that the Vehicle Code referred to a "term of imprisonment" which a *defendant* must *serve*, rather than a "sentence" which the *court* must *impose*.

As previously noted, the State instituted this original *mandamus* action in this court to request that we compel respondent to change her sentencing order. See 188 Ill. 2d R. 381(a).[1]

---

[1]Although the issue is not addressed in the briefing to this court, the case does not appear to be moot. The record reflects that Leon only served between 105 and 110 days in jail. Although

## ANALYSIS

Neither Leon nor respondent has filed any responsive brief. Nevertheless, as the factual record is brief and straightforward, and the single issue can easily be resolved without any additional briefing, we will decide the case on the merits. See *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 421-22 (2005); *In re Marriage of Rogers*, 213 Ill. 2d 129, 135 (2004).

This court has discretionary original jurisdiction in *mandamus* actions. Ill. Const. 1970, art. VI, § 4(a). *Mandamus* is "an extraordinary remedy appropriate to enforce as a matter of public right the performance of official duties by a public officer where no exercise of discretion on his part is involved." *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). Although *mandamus* will not lie to correct all alleged errors by lower courts, it is "quite settled 'that the sentencing provisions of the Unified Code of Corrections [citation] are mandatory and *mandamus* will lie to compel compliance with them.' " *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 196 (1992), quoting *People ex rel. Daley v. Limperis*, 86 Ill. 2d 459, 466 (1981). Moreover, even before the Unified Code of Corrections was enacted in 1973, this court utilized the writ of *mandamus* to correct lower courts' departures from mandatory sentencing schemes. See, *e.g., People ex rel. Hanrahan v. Wilson*, 48 Ill. 2d 30 (1971) (*mandamus* issued to direct trial judge to correct his error in sentencing defendant to probation in contravention of sentencing statute); *People ex rel. Ward v. Salter*, 28 Ill. 2d 612 (1963) (issuing writ of *mandamus* directing trial judge to enter a fine which complied with a mandatory statutory

---

we cannot ascertain the precise number from the record, it is apparent that Leon served 105 days before respondent denied the State's motion to deny him good-conduct credit, then served a few days more before respondent ordered his release. The circuit court will have to determine the exact length of time Leon has already served after respondent amends its order.

schedule). Although the Good Behavior Act is not part of the Unified Code of Corrections, it is still a mandatory sentencing provision, and therefore *mandamus* is an appropriate vehicle to compel compliance with its provisions.

This case involves a pure question of statutory construction. Accordingly, our review of the issues is *de novo. Hall v. Henn*, 208 Ill. 2d 325, 330 (2003). Our highest priority is to ascertain and give effect to the legislature's intent, of which the best indicator is the statutory language, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). When the language is clear and unambiguous, we need not resort to further aids of statutory construction, although we do always presume that the legislature did not intend an absurd, inconvenient, or unjust result. *Hall*, 208 Ill. 2d at 330. We do construe penal statutes so as to afford lenity to the accused, but this rule applies only when the statute is ambiguous. *People v. Roberts*, 214 Ill. 2d 106, 118 (2005).

Examination of the plain language of the statutes at issue leads to but one conclusion. The Good Behavior Act provides that persons jailed for offenses "for which the law provides a mandatory minimum sentence" cannot be given any good-behavior allowance which "would reduce the sentence below the mandatory minimum." 730 ILCS 130/3 (West 2002). The Vehicle Code states that any defendant convicted for a fourth time of driving while his license is revoked or suspended "must serve a minimum term of imprisonment of 180 days." 625 ILCS 5/6—303(d—3) (West 2002). The only question is whether the requirement that a defendant serve a minimum term of imprisonment constitutes a "mandatory minimum sentence." We believe the answer is yes. The Vehicle Code requires that a defendant must be incarcerated for at least a certain specified period of time. This is, by any

ordinary meaning one might ascribe to the phrase, a "mandatory minimum sentence."

In reaching the opposite result, respondent drew the distinction that the Vehicle Code puts the onus on a defendant to serve a minimum term of imprisonment, as opposed to explicitly directing the circuit court to impose a particular minimum sentence. We find this reasoning unconvincing. First, assuming *arguendo* that the above distinction is valid, it does not answer the ultimate question of whether a statute which requires a defendant to serve a minimum term of imprisonment imposes a "mandatory minimum sentence." We see no reason that both categories of statute between which respondent sought to distinguish could not be considered "mandatory minimum sentences." Certainly, both would appear to fall within the plain and ordinary meaning of that phrase. Indeed, it is difficult to conceive of *any* understanding of that phrase which would exclude section 603(d—3) of the Vehicle Code.

Moreover, the distinction between a statute which mandates that a defendant serve a minimum term of imprisonment and one which requires the circuit court to impose a particular minimum sentence is flawed, because the latter is implicit in the former. That is, a statute which requires that a defendant must *serve* at least 180 days of imprisonment unquestionably also requires that the circuit court must *sentence* that defendant to at least 180 days of imprisonment. The requirement that a defendant serve 180 days would be meaningless, after all, if the court retained the discretion to sentence him to probation, or 30 days of imprisonment, or even 179 days of imprisonment. A requirement that a defendant *serve* a particular term of imprisonment necessarily also requires the circuit court to impose a *sentence* of at least that same term of imprisonment.

Although we find the statute unambiguous, we note

that our construction is supported by the legislative history of the Good Behavior Act. In debates on the bill which became the Good Behavior Act, Representative Countryman specifically noted the then-existing offenses to which the limitation on good behavior credit would apply: "DUI is one, and driving on a revoked or suspended license is the other ***." See 85th Ill. Gen. Assem., House Proceedings, May 18, 1987, at 85 (statements of Representative Countryman). There is no doubt that the General Assembly was aware and intended that the Good Behavior Act's limitation on good-behavior credit would apply to the mandatory minimum sentence imposed for driving on a suspended license.

Accordingly, section 603(d—3) of the Vehicle Code does impose a mandatory minimum sentence, including specifically for purposes of the Good Behavior Act.

### CONCLUSION

Because respondent gave Leon the minimum possible sentence of 180 days of jail time, any good-behavior credit would reduce his time served to less than the mandatory minimum sentence. Accordingly, respondent had no discretion, but was required to order that Leon was ineligible for any good-behavior credit. Therefore, we enter a writ of *mandamus* to require respondent to amend Leon's sentencing order so as to reflect that Leon is ineligible for good-behavior credit.

*Writ awarded.*