# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Lewis v. Orr*, 2013 IL App (1st) 130357

---

| | |
|---|---|
| Appellate Court Caption | F. JOYCE LEWIS, Plaintiff-Appellee, v. DAVID ORR, in His Official Capacity as Clerk of Cook County, Defendant-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-13-0357 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A write-in candidate in an uncontested primary election is required to file a declaration of candidacy with both the election official, the village clerk in plaintiff's case, and the election authority, the county clerk in plaintiff's case, before an election would have to be held, and since plaintiff only filed a declaration of her write-in candidacy with the village clerk, the trial court's grant of plaintiff's petition for a writ of *mandamus* requiring defendant county clerk to hold an election was reversed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2013-COEL-000025; the Hon. Robert Bertucci, Judge, presiding. |
| Judgment | Reversed. |

Counsel on Appeal     Anish Parikh, of Parikh Law Group, LLC, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Kent Ray, Marie D. Spicuzza, and Julia C. Dimoff, Assistant State's Attorneys, of counsel), for appellee.

Panel     JUSTICE CONNORS delivered the judgment of the court, with opinion.

Justices Quinn and Simon concurred in the judgment and opinion.

## OPINION

¶ 1     The question in this case of first impression is whether a write-in candidate for an uncontested primary election must file a declaration of candidacy with both the election official and the election authority, or whether it is sufficient to file a declaration with only the election official. The circuit court decided that it was the latter and granted plaintiff F. Joyce Lewis' petition for a writ of *mandamus*. Defendant David Orr filed an expedited appeal and, in a brief order issued on February 25, 2013, we reversed the judgment of the circuit court. We now issue our opinion.

¶ 2     The Village of Broadview (the Village) planned to hold an election for the office of village president. When the deadline for candidates to declare themselves arrived, however, only a single candidate had filed nominating papers to be the Democratic Party's nominee for the position. This made the Democratic nomination uncontested. Candidates could still, however, declare themselves as write-in candidates, provided that they fulfilled certain conditions.

¶ 3     Plaintiff decided to declare herself as a write-in candidate for the Democratic Party's nomination for village president, and she filed her "Declaration of Intent to Be a Write-In Candidate" with the clerk of the Village of Broadview on December 20, 2012. According to her petition, plaintiff also spoke to someone from defendant's office around December 24, 2012. This employee informed plaintiff that they were aware of plaintiff's declaration and stated that a primary election would have to be held. On December 27, 2012, the Village's clerk sent defendant's office a copy of the certificate of ballot for a planned February 26, 2013 primary election. The certificate listed plaintiff's name as a candidate in the primary election.

¶ 4     But plaintiff heard nothing more about the primary election and noticed that the Village had not issued any information about the location of polling places for the primary. In mid January 2013, plaintiff learned from the election director in defendant's office that, based on defendant's understanding of the relevant law, no primary election needed to be held because plaintiff had not filed a notarized declaration of intent with defendant's office.

¶ 5     Attempts to resolve the situation failed, and plaintiff filed a petition for a writ of

*mandamus* that would order defendant to hold a primary election. After full briefing and an expedited hearing, the circuit court agreed with plaintiff and ordered defendant to hold a primary election for the office of village president on February 26, 2013. Defendant filed an expedited appeal and, after full briefing, we reversed the trial court's judgment on February 25, 2013.

¶ 6 There are only two key facts in this case, both of which the parties agree about: plaintiff properly filed a declaration of intent to be a write-in candidate with the Village, but she did not file a notarized declaration of intent with defendant's office. The central question is whether that is sufficient to require defendant to hold a primary election. This question appears to be one of first impression and resolving it requires interpreting several provisions of the Election Code (10 ILCS act 5 (West 2010)). Statutory interpretation is an issue of law that we consider *de novo*. See *MD Electrical Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 286 (2008).

> "The process of statutory interpretation is firmly established. The goal is to ascertain and give effect to the intent of the legislature. The simplest and surest means of effectuating this goal is to read the statutory language itself and give the words their plain and ordinary meaning. [Citation.] However, it is not sufficient to read a portion of the statute in isolation. We must, instead, read the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. [Citation.] Where the language of the statute is clear and unambiguous, we must apply it as written, without resort to other tools of statutory construction. [Citation.] Generally, the language of a statute is considered ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *Id.* at 287-88.

The key provisions at issue are section 7-5 (10 ILCS 5/7-5 (West 2010)) and section 17-16.1 (10 ILCS 5/17-16.1 (West 2010)).

¶ 7 Section 7-5 governs when primary elections must be held. Under section 7-5(b), no primary election for a political party's nominee is required if the nomination is uncontested. A primary is required, however, if a write-in candidate enters the election. Section 7-5(d) addresses this situation:

> "[W]henever a person who has not timely filed valid nomination papers and who intends to become a write-in candidate for a political party's nomination for any office for which the nomination is uncontested files a written statement or notice of that intent with the State Board of Elections or the local election official with whom nomination papers for such office are filed, a primary ballot shall be prepared and a primary shall be held for that office." 10 ILCS 5/7-5(d) (West 2010).

Section 1-3(10) of the Election Code defines a "local election official" as, among other things "the clerk or secretary of a unit of local government," and the parties agree that in this case the relevant local election official is the village clerk. 10 ILCS 5/1-3(10 (West 2010). The statutes are in no way ambiguous, so under a plain reading of section 7-5(d), a primary election for the office of village president must be held if a write-in candidate files the proper paperwork with the village clerk. The parties agree that plaintiff did so.

¶ 8 If section 7-5 were the only pertinent section of the Election Code, then that would be the

end of the analysis. But it is not, and as we noted above we cannot construe only a portion of the Election Code in isolation. Defendant also points us to section 17-16.1, which deals with counting votes for write-in candidates: "Write-in votes shall be counted *only* for persons who have filed notarized declarations of intent to be write-in candidates with the proper election authority or authorities not later than 61 days prior to the election." (Emphasis added.) 10 ILCS 5/17-16.1 (West 2010). See also 10 ILCS 5/7-59(b) (West 2010) (identical provision for primary elections). Section 1-3(8) defines "election authority" as "a county clerk or a Board of Election Commissioners," and the parties agree that in this context the relevant election authority is defendant. 10 ILCS 5/1-3(8) (West 2010). This section is unambiguous: in order for a write-in vote to be counted, a write-in candidate for the office of village president must file a notarized declaration of intent with defendant. But the parties agree that plaintiff failed to file one. Although the Village furnished defendant with a copy of the paperwork that plaintiff filed with the village clerk, that is insufficient under section 17-16.1 because the plain language of the statute requires her to file a notarized declaration with defendant.

¶ 9 So we are confronted with an odd situation: based on the facts of this case, a primary election must be held because plaintiff satisfied the requirements of section 7-5(d), but any votes cast for her cannot be counted because she failed to satisfy the requirements of section 17-16.1. Any primary election that is held will therefore be, quite simply, a waste of time and resources because no matter how many votes might be cast for plaintiff, none of them would count. That is an absurd result, and the rules of statutory construction prohibit us from reading the Election Code in a way that would produce "absurd, inconvenient, or unjust results." *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 78. Forcing defendant and the Village to commit to the time and expense of holding a primary election that will decide nothing is the height of absurdity, so we cannot read the Election Code to require it. Instead, construing sections 7-5(d) and 17-16.1 together, we must conclude that a primary need only be held when a write-in candidate files the proper paperwork with both the relevant election authority and election official.

¶ 10 Based on this understanding of the law, plaintiff is not entitled to *mandamus* relief. "*Mandamus* is an extraordinary remedy used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved. [Citation.] This court will award *mandamus* only when the petitioner establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply." (Internal quotation marks omitted.) *People ex rel. Glasgow v. Kinney*, 2012 IL 113197, ¶ 7. In this case, plaintiff cannot establish that defendant has a clear duty to hold an election because, under our reading of the Election Code, he is only required to hold a primary when a write-in candidate files the appropriate paperwork with both the election authority and election official. Because plaintiff only filed her nominating papers with the village clerk, she has not complied with the statute and defendant is therefore not required to hold a primary. *Mandamus* relief is thus inappropriate and the circuit court erred by granting plaintiff's petition.

¶ 11 Plaintiff makes one additional argument, stating that *mandamus* was appropriate because sections 17-16.1 and 7-59(b) (10 ILCS 5/17-16.1, 7-59(b) (West 2010)) contain a "safe

harbor" provisions that grants a write-in candidate additional time to file nominating papers with the election authority if an objection had been filed against the nomination, which plaintiff claims happened in this case. We cannot, however, find any basis for this assertion in the record and plaintiff fails to provide a citation to the record regarding an objection to her candidacy. We accordingly consider this issue to be forfeit. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008).

¶ 12          Reversed.